T.C. Summary Opinion 2009-46

UNITED STATES TAX COURT

ISABEL ATIZOL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13227-07S.               Filed March 30, 2009.

Isabel Atizol, pro se.

<u>Anna Kozoulina</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code (Code) in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Code in effect for the

year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

For 2004 respondent determined a $2,640 deficiency in
petitioner's Federal income tax.  The issue for decision is
whether petitioner is entitled to her claimed deduction for
unreimbursed employee expenses.[1]

## Background

Some of the facts have been stipulated and are so found.
The stipulation of facts and the exhibits received into evidence
are incorporated herein by reference.  When the petition was
filed, petitioner resided in New York.

During 2004 petitioner was employed with a New York City
public high school as a math teacher.  The New York City
Department of Education required petitioner to obtain a master's
degree in order to be certified in her subject area.  She
attended classes at Lima College in New York and the University
of Santo Domingo during the years 1998 through 2003.  Petitioner
traveled to the Dominican Republic and to various U.S. locations,
such as Florida, in order to attend class and to meet with her
professors.  She completed the requirements for her master's

---

[1]Petitioner filed a "Motion To Restrain Assessment and
Collection & Motion to Entry Decision".  The motion to restrain
assessment and collection will be denied because it is precluded
by law.  See sec. 7421.  The motion for entry of decision will be
denied as moot on account of the Court's decision.

degree on November 28, 2003.  The degree was "Given in Santo Domingo * * * on December 08, 2003."

Petitioner was not reimbursed by the high school or the New York State Department of Education for her expenses incurred in pursuit of her master's degree or her expenses related to her profession as a teacher.[2]  Instead, petitioner claimed $20,800 in miscellaneous itemized deductions for unreimbursed employee expenses on her Schedule A, Itemized Deductions (before the 2-percent floor).  She also claimed the following itemized deductions for 2004:  (1) $2,300 in medical or dental expenses; (2) $5,081 in State and local income tax; (3) $33,539 in home interest expense; and (4) $1,076 in charitable contributions.  In sum, petitioner claimed total itemized deductions of $59,223, yet she reported an adjusted gross income of just $63,665 on her 2004 Form 1040, U.S. Individual Income Tax Return.

Respondent issued a notice of deficiency to petitioner on May 14, 2007.  Respondent did not make any adjustments to petitioner's claimed itemized deductions except to disallow her claimed deduction for unreimbursed employee expenses because she had not verified it.  At trial respondent asserted that petitioner's deduction for unreimbursed employee expenses was denied because:  (1) The items were deductible in 2003, the year

_____

[2]Petitioner did not claim deductions under sec. 62(a)(2)(D) for any of her expenditures with respect to materials used in her classroom.

in which petitioner completed her master's degree; (2) the expenses were personal expenses of petitioner, her daughter, or someone else because the credit card statements were in the name of petitioner's daughter and "rarely" were any receipts in petitioner's name; and (3) the amounts were not properly substantiated.

## Discussion

### I.  Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  But the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the taxpayer introduces credible evidence with respect to the issue and the taxpayer has satisfied certain conditions.  See sec. 7491(a)(1).  Petitioner has not alleged that section 7491(a) applies, and she has neither complied with the substantiation requirements nor maintained all required records.  See sec. 7491(a)(2)(A) and (B).  Accordingly, the burden of proof remains on her.

### II.  Unreimbursed Employee Expenses for Education

As a general rule, section 162(a) authorizes a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  An

individual's education expenditures are deductible as ordinary and necessary business expenses if the education: (1) Maintains or improves skills required by the individual in her trade or business; or (2) meets the express requirements of the individual's employer or applicable law or regulation, which is imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs.

A. Expenditures Before 2004

Petitioner provided a record she entitled "Educational Expenses 2003-2004" and certain receipts described as follows:[3]

| Date | Description | Amount |
|---|---|---|
| 3/03 | Lehman College | $1,227.50 |
| 6/03 | Hotel Green House | 181.30 |
| 6/03 | Hotel 960 | 128.00 |
| 6/03 | Car rentals | 377.00 |
| 9/03 | Title fees UNPHU | 43.33 |
| 9/03 | Fees UNPHU | 8.33 |
| 10/03 | UASD | 1,036.53 |
| 11/03 | UASD | 1,036.53 |
| 11/03 | SEESCYI | 30.00 |
| 12/03 | State Education Department | 300.00 |
| 12/03 | Tuition USAD professor | 2,000.00 |
| 12/03 | USAD | 1,500.00 |
| 12/03 | Authentication fees | 90.00 |
| Not dated | Authentication | 90.00 |
| Illegible | Document with seal | Illegible |
| Illegible | UASD | 5.00 |
| 10/15/03 | Universidad Autonomade Santo Domingo | Illegible |
| Illegible | Universidad Autonomade Santo Domingo | Illegible |

---

[3]Copies of several receipts are illegible because of poor quality.

| 9/06/03 | Universidad Nacional Pedro Henriquez Urena | 1,800.00 |
| 6/11/03 | Secretaria De Estado De Educacion Superior | 900.00 |
| 9/05/03 | Air waybill/Shipping invoice | 32.00 |

Petitioner testified that she had made the expenditures during the years 1998 through 2004. But she did not claim deductions for the expenditures on her Federal income tax returns until 2004 on account of the "accrual [method of accounting]."

Petitioner's daughter testified that the academic year started in June 2003 and extended to June 2004. Therefore, petitioner did not claim the expenses in March when she filed her return because she had not received information about her expenses from the university. Thus, according to petitioner's daughter, the expenses are deductible in 2004.

Section 446(a) provides that taxable income shall be computed under the method of accounting used by the taxpayer in regularly computing the taxpayer's income. Methods of accounting include the cash method, the accrual method, or any combination of those methods. See sec. 446(c); sec. 1.446-1(a), Income Tax Regs.

Section 461(a) provides that deductions are to be taken in the taxable year that is the proper taxable year under the method of accounting used in computing the taxpayer's taxable income. Cash method taxpayers are generally entitled to a deduction in the taxable year when the amounts are paid. Sec. 1.461-1(a)(1),

Income Tax Regs. Accrual method taxpayers generally become entitled to a deduction when all events have occurred that establish the fact of liability and the amount of the liability can be determined with reasonable accuracy. Sec. 461(h)(4); sec. 1.461-1(a)(2), Income Tax Regs.[4] But the "all events" test is not treated as met until economic performance with respect to the item occurs. Sec. 461(h); Restore, Inc. v. Commissioner, T.C. Memo. 1997-571 n.5, affd. without published opinion 174 F.3d 203 (11th Cir. 1999). If a person provides services to the taxpayer, then economic performance occurs as the person provides the services. Sec. 461(h)(2)(A)(i).

The Court need not decide whether petitioner computed her taxable income on the cash method, the accrual method, or some combination of those methods. Petitioner's entitlement to her deductions for educational expenses arose in 1998 through 2003 either when the amounts were paid (under the cash method) or when the university provided classes or lectures to petitioner and she could no longer request a refund of her tuition from the university (under the accrual method). See Mitchell v. Commissioner, 131 T.C. __, __ (2008) (slip op. at 41) (Holmes,

_____

[4]To be properly accruable under the "all events test": (1) The liability must be binding and enforceable, (2) the liability must not be contingent on a future event, (3) the liability must be certain as to amount, and (4) the debtor must have a reasonable belief that the liability will be paid. United Control Corp. v. Commissioner, 38 T.C. 957, 967 (1962).

J., concurring) (for most people our tax system requires an annual reporting of income and deductions for each calendar year separately).  But to the extent that petitioner might have used the accrual method for her educational expenses, she has not proven that economic performance did not occur until 2004.[5]  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992) (stating that deductions are strictly a matter of legislative grace and taxpayers bear the burden of proving that they are entitled to claim the deduction).  The fact that petitioner might not have physically received her diploma until 2004 is irrelevant--she had completed the prerequisites for and was awarded her degree in 2003.  Therefore, the Court holds that petitioner is not entitled to a deduction in 2004 for educational expenses paid or incurred during 1998 through 2003.  Respondent's determination is sustained.

B.  Expenditures During 2004

1.  Petitioner's Evidence of Her Expenditures

Petitioner has submitted a record of her purported unreimbursed expenses, credit card statements, and certain receipts to substantiate her expenditures for January through

---

[5]The Court notes that petitioner's income would not be clearly reflected if petitioner were allowed to report her teacher's salary under the cash method of accounting in each of 1998 through 2003 and to accrue her education expenses and claim deductions for unreimbursed employee expenses in 2004 under the accrual method of accounting.  See sec. 446(b).

December 2004.[6]  Petitioner's purported expenditures are

summarized as follows:

| Month | Description | Amount |
|---|---|---|
| Jan. | Metro PCS (conference calls) | $50.00 |
| Jan., Nov. | Photocopies | 266.35 |
| Jan., June, Sept. through Dec. | Travel (airline tickets/fees) | 4,199.65 |
| Jan, Sept. | Travel (hotels) | 221.47 |
| Jan. | Luggage ("wheelbag") | 89.36 |
| Jan., Feb. | Meals and entertainment | 270.15 |
| Jan., July, Aug., Sept., Nov., Dec. | Office products/supplies | 1,328.62 |
| Feb. | Travel (car rental) | 5.00 |
| Feb. | Locks | 5.57 |
| Feb., May, Sept., Nov. | Postage | 98.14 |
| Feb., Mar., Sept., Dec. | Office furniture | 1,531.86 |
| Feb. | Gold Coast Real Estate School (classes & materials) | 488.60 |
| Feb., Sept., Dec. | Books | 485.91 |
| Mar., May, June | TJ Max (educational software) | 1,138.36 |
| Apr. | Office equipment (printer) | 367.10 |
| May through Oct. | Storage | 1,089.40 |
| May, Dec. | T-Mobile (cellphone) | 514.99 |
| July, Aug. | Books (Word of Life) | 139.10 |
| Oct. | Money order (tuition) | 701.25 |
| Nov. | Office moving supplies & rental | 690.50 |

---

[6]Petitioner's daughter testified that she did not create the record until 2006.  Therefore, the Court accords little weight to the record.  See also sec. 1.274-5T(c)(1) (for some of the expenses the corroborative evidence required to support a statement made at or near the time of the expenditure or use must have a high degree of probative value to elevate the statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence) and (2)(ii) (records of certain expenditures must be prepared or maintained in such manner that each recording of an element or use is made at or near the time of the expenditure or use), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

Petitioner testified that: (1) Her January 2004 travel and Red Lobster expense were incurred on account of meetings with professors to discuss her thesis; (2) her May and December 2004 cell phone expenses also related to discussions with professors about her thesis; (3) her storage expenses for May through October 2004 were incurred for the purposes of storing her "things" in Florida while she was studying for her master's degree; (4) she purchased educational software for her students in Florida during March, May, and June 2004; and (5) her "business is education" and she used the computer printer purchased in April 2004 in her business and for her master's degree.[7]

Petitioner's daughter testified that: (1) Neither the University of Santo Domingo nor Lima College had a campus in New York or Florida; consequently, places such as Golden Coast were rented so professors could talk with and assess their students and the expense had to be paid out of petitioner's pocket; (2) notwithstanding that petitioner's diploma shows that she had satisfied the requirements for a master's degree in November

---

[7]The Court notes that the credit card statements and receipts submitted to substantiate petitioner's deductions are in the name of petitioner's daughter. The Court also notes that the dates of purchase for certain items in Florida, i.e., the software and the printer, occurred during the New York school year (and for months for which petitioner did not claim travel expenses); i.e., March, April, and May. Petitioner appears to have been in two places simultaneously.

2003, she continued to work on her thesis through January, "modifying it until they [approved it]"; and (3) petitioner's expenses were incurred in part for her thesis and in her work in education: she left her "equipment in storage in Florida so she could work here when she came here" because she has certain requirements that must be done before she starts the next school year.[8]

## 2. The Court's Analysis

As stated supra, ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business are generally deductible. Sec. 162(a). A trade or business expense is "ordinary" if it is normal or customary within a particular trade, business, or industry and is "necessary" if it is appropriate and helpful for the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). In contrast, personal, living, or family expenses are generally not deductible. Sec. 262(a).

Petitioner has not proven that it is an ordinary and necessary expense of a math teacher to acquire office furniture and supplies for an out-of-State office, to maintain a storage

---

[8]The Court notes, however, that petitioner's motion, which was prepared by petitioner's daughter, states that the storage fees and expenditures for office supplies, furniture, and equipment were incurred so that petitioner could "modify and complete the thesis work while in Florida." The Court, therefore, accords little weight to the inconsistent testimony of petitioner's daughter.

shed in which to store the items of a second office, or to pay the moving expenses[9] of a second office while the teacher is visiting[10] or otherwise traveling between two States.  Similarly, the Court is hard pressed to find that it is an ordinary and necessary expense of a math teacher to acquire books with religious subject matter, e.g., Word of Life, for use in math classes.

Although petitioner claims that she expended $1,138.36 at TJ Max for educational software, the credit card statements do not prove that the amounts were expended for that purpose.  Without other corroborative evidence, such as a receipt, the Court does not accept her self-serving testimony that she purchased software for use in class.  See Urban Redev. Corp. v. Commissioner, 294 F.2d 328, 332 (4th Cir. 1961), affg. 34 T.C. 845 (1960); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Petitioner also failed to prove that the following expenditures were incurred in either her teaching profession or in her master's program:  $485.91 for "Books", $98.14 for postage, $266.35 for photocopies, $5.57 for locks, $701.25 for

---

[9]Although petitioner claimed a $690.50 deduction for costs incurred in moving her Florida office, she testified that she moved "nothing" to her New York home and that she had to purchase the items twice.

[10]Petitioner testified that she travels to Florida frequently:  "If I have time to go.  Sometimes in May, and June, and December."

tuition, $488.60 for classes and materials for Gold Coast Real Estate School, $89.36 for luggage, and $50 for "Metro PCS" conference calls.

To the extent that petitioner claims that her 2004 expenditures were incurred in the pursuit of her master's degree, the Court finds that she has not shown that they were in fact incurred for that purpose in view of the fact that she completed the requirements of her master's degree in November 2003 and it was awarded in December 2003. In addition, when questioned by respondent's counsel about certain expenditures incurred in February 2004, petitioner replied several times: "I don't remember", "I can't say", or "I don't know". Therefore, the Court accords little weight to petitioner's testimony.

Moreover, petitioner has not substantiated her 2004 expenditures for travel, entertainment and meals, or "listed property"[11] as required by section 274 and the regulations thereunder. In pertinent part, section 274(d) provides that no deductions or credits are allowed for: (1) Any traveling expense, including meals and lodging away from home; (2) entertainment, amusement, or recreation; or (3) the use of listed property, unless such expenditures are substantiated. The taxpayer must substantiate by adequate records or sufficient

---

[11]Listed property is defined to include passenger automobiles, computers and peripheral equipment, and cell phones. Sec. 280F(d)(4).

evidence to corroborate the taxpayer's own testimony: (1) The amount of the expenditure or use; (2) the time of the expenditure or use; (3) the place of the expenditure or use; (3) the business purpose of the expenditure or use; and (4) the business relationship to the taxpayer of the expenditure or use in the case of entertainment. Sec. 274(d); see also sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985); supra note 6.

Simply put, the Court holds that petitioner is not entitled to her claimed deductions for 2004, and respondent's determinations are sustained.

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, and/or moot.

To reflect the foregoing,

An appropriate order will be issued, and decision will be entered for respondent.